## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMIKA GOVENS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO: 2:21-cv-01535-WB |
| v. | : | |
| | : | CLASS AND COLLECTIVE ACTION |
| PUBLIC HEALTH MANAGEMENT | : | JURY TRIAL DEMANDED |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

## THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiff, Timika Govens, brings this class action on behalf of herself and putative class of similarly situated persons, by and through undersigned counsel, and files this Third Amended Complaint against Defendant, Public Health Management Corporation (hereinafter "Defendant" or "Public Health"), to recover from Defendant overtime pay as required by Fair Labor Standards Act ("FLSA"), for violations of the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §333.101, *et seq*. and, in the alternative, violations of the Pennsylvania Wage Payment and Collection Law ("PWPCL"). Plaintiff asserts her PMWA and PWPCL claims as a class action under Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure. In support thereof, Plaintiff avers as follows:

## PARTIES

1.     Plaintiff, Timika Govens, (hereinafter "Plaintiff" or "Ms. Govens") is an adult individual residing in Philadelphia, Pennsylvania.

2.     Defendant, Public Health Management Corporation, (hereinafter "Defendant" or "Public Health") is a Pennsylvania non-profit corporation which has a principal place of business

at 1500 Market Street, Philadelphia, Pennsylvania.

3.    At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

4.    Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

5.    At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones and computers, which were used directly in furtherance of Defendant's business.

6.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## JURISDICTION AND VENUE

7.    Defendant is a nonprofit public health institute based in Philadelphia.

8.    Venue is proper in this Court as the cause of action alleged herein arose in Philadelphia County, Pennsylvania.

9.    This Court has jurisdiction over Plaintiff's claim under the FLSA to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs because the FLSA provides state courts with concurrent jurisdiction over claims raised thereunder.

10.    This Court has supplemental jurisdiction over Plaintiff's PMWA and PWPCL claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's PMWA claim forms a part of the

same case or controversy and arises out of a common nucleus of operative facts as her FLSA overtime claim.

11.    Plaintiff is an employee covered by the PMWA, PWPCL, and the FLSA.

12.    According to its website, Defendant is a nonprofit public health institute based in Philadelphia.

13.    Defendant is an employer covered by the record-keeping, minimum wage, wage payment and overtime pay mandates of the PMWA, and FLSA.

## FACTS

14.    On or about October 28, 2002, Defendant hired Plaintiff to work as an employee, and specifically an Accounts Payable Coordinator.

15.    As an Accounts Payable Coordinator, Ms. Govens worked closely with the Finance Department management and accounting staff, the Purchasing Department, program management, vendors and payees.

16.    Defendant paid Plaintiff on an hourly basis for up to 37.5 hours per week.

17.    Plaintiff's pay rate was listed as an hourly amount on her paystubs.

18.    In 2015, Plaintiff's hourly rate on her paystubs was $19.83/hr.

19.    Plaintiff subsequently received pay increases to $20.13 per hour, $20.7153 per hour, $21.1312 per hour, and $21.5813 per hour.

20.    When Plaintiff worked less than 37.5 hours in a workweek, regardless of the reason, she was either required to use Personal Time Off ("PTO"), vacation, or sick time to make up the hours up to 37.5.

21.     If no PTO, vacation, or sick time was available, Plaintiff was simply unpaid for hours up to 37.5.

22.     Defendant made hourly deductions from Plaintiff's pay.

23.     The deductions made from Plaintiff's pay include deductions for meal breaks, despite Plaintiff not always having an uninterrupted meal break that could appropriately be deducted from her pay.

24.     As such, Defendant could not claim any exemption over Plaintiff's work, because she was not paid on a salary basis.

25.     Plaintiff was paid an hourly rate for hours up to 75 hours in each bi-weekly pay period (37.5 hours per workweek).

26.     Plaintiff was not paid for hours worked over 75 hours in any bi-weekly pay period (37.5 hours per workweek).

27.     Plaintiff worked over forty hours in one or more workweeks in the three years before the Complaint in this matter was filed.

28.     When Plaintiff worked in excess of forty hours in a workweek, she was not paid at all for her overtime hours.

29.     When Plaintiff worked in excess of forty hours in a workweek, she was not paid at time and one half her regular rate for her hours over forty.

30.     When Plaintiff worked in excess of forty hours in a workweek, she was not paid for all of her hours worked in the workweek.

31.     Plaintiff was entitled to be paid overtime premiums for hours worked in excess of forty in a workweek.

32.     Plaintiff was entitled to be paid for all of her hours worked in weeks in which she worked in excess of forty hours.

33.     Defendant categorized many of its employees as ineligible to receive pay for more than 75 hours per bi-weekly pay period, and subjected those employees to hourly deductions from pay when fewer than 75 hours were worked in a bi-weekly pay period.

34.     Those employees that, like Plaintiff, were categorized as ineligible to receive pay for more than 75 hours per bi-weekly pay period, were not paid overtime compensation for overtime hours worked.

35.     Upon information and belief, including in Plaintiff's experience, Defendant's other employees who were subject to these pay policies worked over forty hours in one or more workweeks.

36.     While Defendant did not meet its obligation to keep accurate time records, or to correctly list hours worked on the paystubs of Plaintiff and the putative class members, Defendant has records, including computer log-on records, from which it can tell the hours that Plaintiff and members of the putative class worked, including overtime hours.

37.     Defendant made no provisions to pay Plaintiff, or other employees who were subject to the same pay policies described above, for all hours worked in workweeks in which they worked overtime hours, or overtime premiums for overtime hours worked.

38.     Defendant's violations of the FLSA and PMWA were willful, as Defendant knew,

or with reasonable diligence should have known, that Plaintiff and those similarly situated were working overtime hours, and that overtime premiums were due to Plaintiff, and to its other employees from whom it made hourly deductions from pay, yet it paid only up to 75 hours in a bi-weekly pay period at an hourly rate, and paid no overtime premiums for hours over forty.

39.    Defendant promised to pay Plaintiff for her full 75 hours in each bi-weekly pay period, regardless of the hours she worked, but did not do so, due to its practice of deducting hours from Plaintiff's pay if no PTO or other paid time was available to cover the difference between clocked hours, and the 75 hour threshold.

## CLASS/COLLECTIVE ALLEGATIONS

40.    Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on Defendant's other employees who were classified as ineligible to receive overtime pay.

41.    Plaintiff brings her PMWA, PWPCL and FLSA claims for unpaid overtime on behalf of

> All employees of Defendant who, during any time within the three years before the filing of the initial Complaint in this matter was subject to Defendant's policy pursuant to which they: (1) were paid an hourly rate for hours up to 75 hours in a bi-weekly pay period; and (2) were classified or coded as being "exempt" or otherwise not being eligible or permitted to receive pay for over 75 hours worked in a bi-weekly pay period; and who therefore (3) were not paid at one and one-half times their regular rates of pay for hours worked over forty, and were not paid for all hours worked in weeks in which they worked overtime hours.

42.    Upon information and belief, the class includes over 1,000 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

43.    Based on her personal observations during her years of working for Defendant in

its accounting department, Plaintiff is aware that the illegal practices described herein were applied to a significant percentage of Defendant's employees during the time she was employed by Defendant.

44.     Plaintiff and other employees she seeks to represent were all improperly classified as ineligible to receive overtime compensation, and not paid proper overtime compensation when they worked in excess of forty (40) hours per week, because they were paid only up to 75 hours in a bi-weekly pay period (and only up to 37.5 hours each week).

45.     Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA and PMWA are the product of generally applicable, systematic policies and practices which are not dependent on the circumstances of each individual employee.

46.     In addition, Defendant's common policy of making hourly deductions led to Plaintiff and the employees she seeks to represent not being paid at their promised rates for regular hours worked, in violation of the PWPCL.

47.     Because she was subject to common policies and practices while working for Defendant, Plaintiff's experiences, and the violations to which she was subject are typical of those experienced by employees who were also subject to Defendant's policy of paying only up to 75 hours per week for employees deemed not eligible to receive overtime pay.

48.     The specific job titles or precise job locations of the other employees subject to the policy described does not prevent class or collective treatment, because they were subject to a common payroll policy which, on its face, is unlawful.

49.     Plaintiff has no interests contrary to, or in conflict with, the members of the class of individuals she seeks to represent. Rather, Plaintiff has an interest in obtaining all monies owed under the FLSA, PWPCL, and PMWA.

50.     A class and collective action, such as the instant one, is superior to other available means to achieve efficient and fair resolution of this action.

51.     Absent this litigation, those Plaintiff seeks to represent likely will not obtain any remedy for their injuries, and Defendant will receive improper benefit, even though it engaged in systematic and egregious violations of the FLSA, PWPCL and PMWA.

52.     Furthermore, even in the event that other putative class members sought to litigate this matter, such duplicative litigation would be inefficient, and would pose an undue burden to the already strained resources of this Court.

53.     Litigating this matter as a class action promotes judicial economy.

54.     Questions of law and fact common to those Plaintiff seeks to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

      a.     Whether Defendant employed these employees within the meaning of the FLSA, PWPCL and the PMWA;

      b.     Whether Defendant is an employer under the FLSA, PWPCL and PMWA;

      c.     Whether these non-exempt workers were improperly misclassified as exempt from the requirement to pay overtime;

      d.     Whether the employees were improperly denied overtime premiums for hours worked over forty;

      e.     Whether the classification of the employees as exempt from the requirement to pay overtime was in good faith; and

      f.     Whether the violation of the FLSA was willful; and

      g.     Whether unpaid non-overtime hours in overtime weeks are recoverable

under the FLSA/PMWA or, in the alternative, under the PWPCL.

55.    Plaintiff is a class member: her claims are typical of the claims of other class members, and Defendant's corresponding defenses are typical of the claims or defenses applicable to the class members because, among other things, and all claims arise from on the same legal theories and remedies. Further, the allegations made by Plaintiff—namely, that Defendant violated the PMWA's, PWPCL's and FLSA's compensation provisions by failing to compensate her for hours over forty, failing to compensate at an overtime rate for hours over forty, and failure to pay for all hours worked in weeks in which overtime was worked —align sufficiently with the interests of other class members so that Plaintiff's pursuit of her interests will benefit all class members.

56.    There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a collective or class action.

57.    While the amount of damages may vary to some degree between members of the class or collective, the facts establishing liability are common.  Moreover, calculations as to damages will be largely a matter of mathematical calculation once each class member's work dates are known. Therefore, this issue does not affect the ability of this matter to proceed as a class or collective.

58.    Plaintiff will fairly and adequately assert and protect the interests of all class members because among other things:

(a)    Plaintiff is represented by experienced counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class members;

(b)    Plaintiff and her counsel are free of any conflicts of interest that prevent

them from pursuing this action on behalf of the class members; and

(c)     The putative class' interests will not be harmed because counsel for the
Plaintiff has adequate financial resources to prosecute this litigation
properly.

59.     Class certification is appropriate under Pennsylvania Rules of Civil Procedure
because common questions of law and fact predominate over questions affecting only individual
class members and because a class action is superior to other available methods for the fair and
efficient adjudication of this litigation.

## COUNT I
## CLAIM FOR OVERTIME UNDER THE PMWA

60.     Plaintiff incorporates by reference Paragraphs 1-59, above, as if fully set forth
herein.

61.     Defendant is an employer covered by the PMWA

62.     Pursuant to the PMWA, employees who are not exempt from the overtime
provisions of the law are entitled to compensation at the rate of one and one-half times their
regular rate for all hours worked over 40 in any workweek. See 43 P.S. § 333.104.

63.     Plaintiff, and the class she seeks to represent, were not exempt, because they were
not paid on a salary basis, and their pay was subject to hourly deductions, rendering them non-
exempt, and ineligible, as a group, for any exemption Defendant might claim.

64.     Plaintiff and the class she seeks to represent were subject to common pay policies,
pursuant to which their rights to be paid proper overtime premiums, and for all hours worked in
weeks in which they worked overtime hours, were violated.

65.     Defendant failed to pay all hours worked, and failed to pay overtime premiums as
required by law to Plaintiff and all other individuals who within three years from the date the

initial Complaint in this matter was filed: (1) were paid an hourly rate for hours up to 75 hours in each bi-weekly pay period (2) were not paid for hours worked over 75 hours in a bi-weekly pay period, and (3) worked over forty hours in one or more workweeks while subject to the preceding two conditions.

66.    The PMWA provides that any employer who violates the provisions of Section 207 of the law shall be liable to the employee affected in the amount of his unpaid overtime compensation, together with costs and such reasonable attorney's fees incurred. See 43 P.S. § 333.113.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

67.    Plaintiff incorporates by reference Paragraphs 1-59, above, as if fully set forth herein.

68.    Throughout her employment, Plaintiff worked in excess of forty (40) hours in many workweeks.

69.    Plaintiff was not compensated at the statutory rate of one and one-half times her regular rate of pay for all hours in excess of forty (40) worked in each workweek.

70.    Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

71.    Those similarly situated to Plaintiff also were not paid overtime premiums for hours over forty in a workweek, due to the common pay policy pursuant to which they were only paid for up to 75 hours in a bi-weekly period, without any payment for overtime premiums when they worked over forty hours in a workweek, nor full payment for all hours worked in weeks in which they worked overtime hours.

72.    Defendant's actions were willful and/or showed reckless disregard for the

provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and the putative

class, at the statutory rate of one and one-half times their regular rate of pay for all hours

worked in excess of forty (40) hours per week when it knew, or reasonably should have known,

that such was, and is, due.

73.    Defendant failed to properly disclose or apprise Plaintiff, and putative class of

similarly situated persons, of their rights under the FLSA.

74.    Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and

putative class of similarly situated persons, suffered and continue to suffer damages and lost

compensation for time worked over forty (40) hours in multiple workweeks, as well as full

payment for regular wages in weeks in which overtime is owed, plus liquidated damages.

75.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

29 U.S.C. §216(b).

## COUNT III
## PWPCL

76.    Plaintiff incorporates by reference Paragraphs 1-59, above, as if fully set forth

herein.

77.    Plaintiff and the employees she seeks to represent worked non-overtime hours for

which they were not paid, in weeks in which they also worked overtime hours for which they

were not paid.

78.    While Plaintiff takes the position that these hours are compensable under the

FLSA and PMWA, to the extent there is a finding to the contrary, these unpaid amounts also

constitute unpaid wages, recoverable under the PWPCL.

79.    In addition, to the extent Defendant made deductions for hours not worked, and

thereby reduced the pay of Plaintiff and those employees she seeks to represent, Defendant

denied Plaintiff and those employees she seeks to represent a promised benefit of employment.

80.    At all times relevant to this Complaint, Defendant has been, and continues to be, an employer within the meaning of the PWPCL.

81.    At all times relevant to this Complaint, Defendant was responsible for payment wages and benefits to Plaintiff and those employees she seeks to represent.

82.    At all times relevant to this Complaint, Plaintiff and those employees she seeks to represent were employed with Defendant as an "employee" within the meaning of the PWPCL.

83.    Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee promised employment benefits.

84.    The PWPCL's requirement to pay earned wages applies in all weeks, whether or not overtime hours were worked in that week.

85.    The PWPCL also requires that all wages, including but not limited to overtime wages, be paid in the next succeeding pay period. PWPCL, 43 P.S. §260.3.

86.    Defendants have failed to pay Plaintiff and those employees she seeks to represent all of their wages within the statutory time period. As such, Defendants have violated the provisions of the PWPCL, 43 P.S. §260.1, *et seq.*

87.    Defendants' conduct in failing to pay Plaintiff and those employees she seeks to represent in accordance with Pennsylvania law was intentional and willful and not based upon any reasonable interpretation of the law.

88.    Defendants' failure to pay Plaintiff and those employees she seeks to represent in accordance with the PWPCL was not in good faith.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Timika Govens on behalf of herself and other

members of the class/collective, seek the following relief:

A.  An Order certifying the matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b), allowing the collective members 60 days to assert FLSA claims in this Action by filing Consents to Join the Action pursuant to 29 U.S.C. § 216(b);

B.  An Order requiring Defendant to provide contact information for members of the class/collective sufficient to send the notice described in paragraph A., above.

C.  finding Defendant liable to Plaintiff and those similarly situated for unpaid wages under Section 16(b) of the FLSA and the PMWA, as well as for liquidated damages equal in amount to their unpaid compensation under the FLSA;

D.  designating a class under the PMWA pursuant to the Pa. R. Civ. P.;

E.  appointing Plaintiff as the Lead Plaintiff and his counsel as Class Counsel to represent the interests of the both the FLSA and PMWA class/collective actions;

F.  An Order awarding unpaid overtime wages (including wages for all regular hours worked in weeks in which overtime is due);

G.  An Order awarding Prejudgment interest to the extent not duplicative of liquidated damages awarded;

H.  An Order awarding iquidated damages and penalties;

I.  An Order awarding litigation costs, expenses, and attorney's fees; and

J.  Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 29th day of April 2022.

Respectfully submitted,

/s/ Angeli Murthy
Angeli Murthy, Esq.
PA Bar No.: 93699

MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax: 954-327-3016
E-mail:  amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Angeli Murthy, hereby certify that on this date, I served a true and correct copy of the

foregoing Third Amended Class Action Complaint via the Court's CM/ECF system, which will

send notice to all counsel of record.

Respectfully Submitted,

**MORGAN & MORGAN**

Date:  April 29, 2022          By:     */s/ Angeli Murthy*_____
                                        Angeli Murthy, Esq.