IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMIKA GOVENS,

    Plaintiff,

vs.                                              CASE NO.: 2:21-CV-01535-WB

PUBLIC HEALTH MANAGEMENT
CORPORATION,

    Defendant.
_____/

## ORDER DETERMINING GOOD FAITH
## AND GRANTING FINAL APPROVAL OF SETTLEMENT

        This matter comes before the Court on the Plaintiff's Unopposed Motion For Final Approval of Class Action Settlement, for an order and judgment finally approving the Stipulation of Settlement and Release submitted on September 2, 2022 [D.E. 27-1] and dismissing with prejudice all claims in this matter. After reviewing the Stipulation and other related materials submitted by Plaintiff, and considering any and all objections raised to the settlement at the Final Approval Hearing held on May 11, 2023, and otherwise being fully apprised of all of the facts, the Court hereby enters the following Final Order and Judgment:

        1.      The Court finds that the Class, as defined in the Motion, satisfies the requirements of Fed. R. Civ. P. Rule 23(a), and is maintainable under Rule 23(b)(3), and that the Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C. § 216(b). The Court finally certifies the Class for purposes of settlement of this action only.

        2.      The Class Notice given to the members of the Class adequately informed the Class Members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies

and their opportunity to file written objections and appear and be heard at the final approval hearing regarding the approval of the Stipulation. The Court finds that the Class Notice provided satisfies the requirements of Fed. R. Civ. R. 23(e)(1)(B).

3. The Court hereby approves the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate to all members of the Class. The Court finds that extensive investigation, research and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with further prosecution of this Action. The Court further finds that the Stipulation has been reached as a result of intensive, arms-length negotiations.

4. The Court approves the amount requested in Plaintiff's Motion for Attorneys' Fees ($1,614,000.00), but orders the distribution of such funds follows: $1,220,303.13 to be paid to Class Counsel, and $393,696.87 to be paid to the Philadelphia Bar Association, with directions that the monies be distributed to non-profit organizations dedicated to employee rights or employee advocacy.

5. The Settlement Administrator shall be paid from the Gross Settlement Amount for its reasonable fees and expenses incurred in the administration of the settlement in an amount not to exceed $30,000.00.

6. A Service Payment of $20,000.00 is approved for Timika Govens, who performed substantial services for the benefit of the settlement class. Such award shall be paid from the Gross Settlement Amount as specified in the Settlement Agreement.

7. The Court finds and determines that the relief to the Authorized Class Members as provided in the Settlement Agreement, is fair, reasonable and adequate, and resolves the classwide allegations set forth in this case. The Court gives final approval to and orders that

those payments be made to Authorized Claimants in the Settlement Class.

8. The Court hereby dismisses all clams and actions in this matter (including the State Claims) and the claims of all Class Members based on or arising out of any acts, facts, transactions, occurrences, representations or omissions alleged in the Complaint in this matter on the merits and with prejudice and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

9. All persons who are members of the Class are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, for the period July 8, 2017 to the date of December 22, 2021, against Defendant, and each of its former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, attorneys and affiliates, whatever its current or former legal names or legal entity status, and each of its respective current and former owners, officers, directors, board members, employees, partners, shareholders, attorneys and agents, and any other successors, assigns, heirs or legal representatives, arising out of, based upon, or encompassed by: (a) any and all claims arising under Pennsylvania law that were asserted, or could have been asserted, in any complaint filed in this Action on behalf of any Settlement Class Member; (b) any and all claims for unpaid overtime under Pennsylvania law; (c) any and all claims for unpaid wages under Pennsylvania law; (d) any and all derivative claims relating to unpaid wages, minimum wage compensation or overtime; and (e) any and all related claims for penalties, interest, liquidated damages, attorney" fees, costs, and expenses. Authorized Claimants are further hereby barred and permanently enjoined from prosecuting, commencing, or continuing any and all claims, rights, demands, liabilities, and causes of action under the FLSA.

10. The Court retains jurisdiction over this action for seventy-five (75) days solely for purposes of resolving issues related to payment under the terms of the Settlement Agreement.

IT IS SO ORDERED this 11th day of May, 2023.

                                        /S/WENDY BEETLESTONE, J.
                                        Wendy Beetlestone, U.S. District Judge